United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-11151
Conference Calendar

———————————

MICHAEL JOSEPH FUHRMAN,

Plaintiff-Appellant,

versus

TOMMY CROW, Warden, Bridgeport Unit; NFN BROWN,
Major, Bridgeport Unit; NFN DENNY, Captain,
Bridgeport Unit; NFN HART, Chief of Unit Classification,
Bridgeport Unit; NFN COX, Sergeant, Bridgeport Unit;
PATRICIA OUTLAW, Unit Health Administrator, Bridgeport
Unit; JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; GEORGE WACKENHUT,
President and Owner of Wackenhut Security Corporation,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-742-A
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Joseph Fuhrman, Texas prisoner # 531212, has

appealed the district court's order dismissing his civil rights

complaint with prejudice pursuant to 28 U.S.C. §§ 2244(b)(1)

& 1915A(b)(1). Fuhrman contends that the district court erred in

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

holding that he could not assert his constitutional claims in a civil rights action.

Fuhrman contended that he had been detained beyond his mandatory release date because of the loss of his good time credits. He demanded an award of monetary damages and immediate release from confinement. Injunctive relief is not available to Fuhrman under Preiser v. Rodriquez, 411 U.S. 475, 500 (1973), and the claim for damages is premature under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Because the appeal is frivolous, it is dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of the complaint under 28 U.S.C. § 1915A(b)(1) both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Fuhrman that, once he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.